UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-23374-CIV-MGC

ODELME POMO,
and other similarly-situated individuals,

    Plaintiff,

v.

F & R SCAFFOLDS, INC.,
and ROSA G. JORGE, individually,

    Defendants,
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, ODELME POMO (hereinafter, "Plaintiff"), and Defendants, F & R SCAFFOLDS, INC. and ROSA G. JORGE (hereinafter, collectively as "Defendants"), by and through their respective undersigned counsel, hereby jointly request that this Court approve the settlement reached in this case, and in support thereof, state:

**MEMORANDUM OF LAW**

*I.*    *Legal Principles*

This is an action brought by Plaintiff for alleged unpaid overtime wages and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 et. seq. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C.

216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.* In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows: "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for any overtime payments or other damages to Plaintiff, they have ultimately agreed to pay Plaintiff full compensation of the disputed claims.

## II.     Terms of Settlement

1.     This case involves claims made by the Plaintiff for unpaid overtime wages and minimum wages under the Fair Labor Standards Act ("F.L.S.A.").

2.     On or about October 8th, 2015, after extensive negotiations, the parties reached a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs.

3.     Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlements are acceptable to both Plaintiff and Defendants.  Moreover, not only is Plaintiff receiving full compensation of his alleged unpaid wages, but Plaintiff's attorneys' fees and costs were negotiated separately and without regard to the amount paid to Plaintiff.  The parties agree that the amount of attorney's fees and costs agreed upon represent reasonable attorneys' fees and costs.

4.     In settlement, Plaintiff will be paid a total of $5,000.00, of which $2,500.00 shall be allocated as "wages", and constitute full payment of Plaintiff's alleged unpaid wages and/or damages, and $2,500.00 shall be allocated as "liquidated damages".  The parties agree that this amount represents full compensation of Plaintiff's alleged unpaid wages.  Notwithstanding, the parties agree that there are genuine disputes regarding the merits of Plaintiff's claims, including whether or not Plaintiff worked the hours alleged, whether or not Defendants compensated Plaintiff for all hours worked, and whether or not Plaintiff was not paid for alleged overtime hours worked.

5.     The amount of this settlement to Plaintiff is fair and reasonable given the fact that Plaintiff will be receiving full compensation.  Additionally, it is also reasonable given the

likelihood of success on the merits of the claims and the costs of defending this matter. This settlement was arrived at after considerable negotiations by the parties and the Defendants do not admit any liability in this matter.

6. Separate and apart, Plaintiff's counsel shall receive $4,500.00 in attorney's fees and $500.00 in actual costs incurred to date in this action, including preparation and review of all settlement documents and submission for Court approval. All of Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claims, and Plaintiff's recovery was not adversely affected by the amount of fees and costs paid to his attorney. Plaintiff's counsel, who has over 9 years of experience litigating FLSA cases and other employment related matters, charges an hourly rate of $350.00. Notwithstanding, Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claims, and Plaintiff's recovery was not adversely affected by the amount of fees paid to his attorney.

7. The parties' settlement agreement is attached hereto as Exhibit "A" for the Court's consideration.

8. Having agreed to the terms of the settlement reached, the Plaintiff and the Defendants respectfully request that this Court approve the settlement between the parties.

9. Accordingly, the parties request that this Court approve the Settlement attributed to Plaintiff's FLSA claims, and thereafter dismiss this action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending Motions as moot.

10. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request this Honorable Court approve the parties' settlement, dismiss this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 29th day of October 2015.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/Keith J. Merrill*_____ |
| Zandro E. Palma, Esq. | Keith J. Merrill, Esq. |
| Florida Bar No. 0024031 | Florida Bar No. |
| | |
| ZANDRO E. PALMA, P.A. | KEITH J. MERRILL, P.A. |
| 9100 S. Dadeland Blvd., Suite 1500 | 7901 SW 67 Ave., Suite 206 |
| Miami, Florida 33156 | Miami, Florida 33143 |
| Telephone No.: (305) 446-1500 | Telephone: (305) 663-0506 |
| Facsimile No.: (305) 446-1502 | Facsimile: (305) 667-8529 |
| zep@ThePalmaLawGroup.com | kjmpa@bellsouth.net |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-23374-CIV-MGC

ODELME POMO,
and other similarly-situated individuals,

  Plaintiff,

v.

F & R SCAFFOLDS, INC.,
and ROSA G. JORGE, individually,

  Defendants,
_____/

## ORDER GRANTING JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AGREEMENT

  THIS CAUSE came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby,

  ORDERED and ADJUDGED that the parties' settlement is hereby APPROVED. It is further ordered that this action is DISMISSED WITH PREJUDICE. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement become necessary.

  DONE AND ORDERED in Chambers, in Miami-Dade County, Florida this _____ day of October, 2015.

                _____
                MARCIA G. COOKE
                UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"